IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-02026-BNB

BRIAN M. GROSS,

    Plaintiff,

v.

TOM CLEMENTS,
JOHN DAVIS,
WILLIAM BRUNELL,
JUDY HULSEY,
SIMON DENWALT,
HIMANT ELLIS,
MARCELLE ENGLAND,
ELIZABETH LaMONT,
DANA BUSTOS,
ANTHONY DeCESARIO,
KATHLEEN FARRELL, and
THOMAS FISHER,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Brian M. Gross, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Buena Vista Correctional Complex in Buena Vista, Colorado. He initiated this action by filing a *pro se* prisoner complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on August 4, 2011. Mr. Gross has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

1

The Court must construe the complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Gross will be directed to file an amended complaint.

In the complaint, Mr. Gross asserts eight claims. In general, he complains that his security classification level was improperly revised by the named Defendants. He asserts that the Defendants illegally accessed his personal medical information and used it to revise his security classification. He also asserts that the named Defendants have retaliated against him by placing false information in his DOC file. Mr. Gross fails to allege that the Defendants' alleged actions have violated any constitutional right. Moreover, he also fails to allege the personal participation of each named Defendant.

Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Gross must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative

link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden John Davis, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Gross fails to assert how all named Defendants personally participated in any alleged constitutional violations. Therefore, he will be directed to file an amended complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The amended "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Gross may use fictitious names such as Jane or John Doe if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Gross uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Brian M. Gross, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that Mr. Gross shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Gross fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 25, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02026-BNB

Brian M Gross
Prisoner No. 146047
Buena Vista Correctional Complex
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 25, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk