IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02026-BNB

BRIAN M. GROSS,

      Plaintiff,

v.

TOM CLEMENTS,
JOHN DAVIS,
WILLIAM BRUNELL,
JUDY HULSEY,
SIMON DENWALT,
HIMANT ELLIS,
MARCELLE ENGLAND,
ELIZABETH LaMONT,
DANA BUSTOS,
ANTHONY DeCESARIO,
KATHLEEN FARRELL, and
THOMAS FISHER,

      Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**SEP 3 0 2011**

**GREGORY C. LANGHAM**
CLERK

---

ORDER OF DISMISSAL

---

      Plaintiff, Brian M. Gross, is in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Buena Vista Correctional Complex in Buena Vista, Colorado. He initiated this action by filing a *pro se* prisoner complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on August 4, 2011. Mr. Gross has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

      On August 25, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Gross to file an amended complaint that clarifies the specific claims for relief he is asserting, includes

specific factual allegations in support of each asserted claim and alleges the personal

participation of each named defendant. On September 22, 2011, Mr. Gross filed an

amended complaint seeking injunctive and declaratory relief in addition to

compensatory and punitive damages.

The Court must construe the amended complaint liberally because Mr. Gross is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the

Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court

should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended

complaint because Mr. Gross is a prisoner and he is seeking redress from officers or

employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to

dismiss the amended complaint, or any portion of the amended complaint, that is

frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a

legal interest that clearly does not exist or asserts facts that do not support an arguable

claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated

below, the Court will dismiss the amended complaint as legally frivolous.

Mr. Gross alleges that he entered into the custody of the DOC on May 13, 2009,

at which time he was given a Standardized Offender Assessment (SOA) test. Based on

2

the SOA, he was subsequently assigned a security level of three.  He alleges that on December 20, 2010, Defendant Hulsey recommended him for placement in Community Corrections because he apparently had progressed to a security level of one.  He further alleges that beginning on January 28, 2011, Defendant England requested that Mr. Gross re-take the SOA test.  Mr. Gross refused to re-take the SOA, and based on this refusal, Defendants England, Hulsey, and Ellis removed him from Community Corrections and regressed him to a security level of three.  Mr. Gross asserts that these actions violated his Fourteenth Amendment right to due process (claims one and seven) and his Eighth Amendment right to be free from cruel and unusual punishment (claims two and six).  He further alleges that Defendant England retaliated against him for "speaking up" about Colorado Revised Statutes and DOC administrative regulations that apply to his situation (claim three), and also retaliated against him when he changed his religion to Buddhist (claim four).  Finally, Mr. Gross alleges that Defendants Fisher and Farrell released his personal medical and mental health information in violation of the Health Insurance Portability and Accountability Act ("HIPAA") (claim five).

The Court will first address Mr. Gross' first and seventh claims, the due process claims based on his removal from Community Corrections, and his regression to a higher security placement.  The Constitution guarantees due process when a person is to be deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  The fact that Mr. Gross was transferred to a higher security facility and that his "parole prospects have been affected" did not deprive him of life or property.  Amended Complaint at 4.  Therefore, the due process claims Mr. Gross asserts in this

action depends upon the existence of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84. State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. State law also may create a liberty interest if the action inevitably will affect the length of the prisoner's confinement. *See Sandin*, 515 U.S. at 487.

The Court has reviewed the amended complaint and finds that the due process claims lack merit. Mr. Gross' transfer to a higher security level did not implicate a liberty interest that arises under the Constitution because prisoners are not entitled to any particular degree of liberty. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369. In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. *See Meachum*, 427 U.S. at 224.

The Court also finds that Mr. Gross fails to demonstrate the existence of any constitutionally protected liberty interest that arises under state law. Mr. Gross fails to allege any facts to demonstrate that his regression to a higher security level imposed an atypical and significant hardship in relation to the ordinary incidents of prison life.

4

Furthermore, any impact on Mr. Gross' parole eligibility date caused by his ineligibility to earn the maximum amount of earned time credits did not inevitably affect the length of his confinement because the decision to release an inmate on parole "rests on a myriad of considerations." *Sandin*, 515 U.S. at 487. Therefore, there is no protected liberty interest. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that loss of opportunity to earn good time credits that could lead to earlier parole is a speculative, collateral consequence of prison administrative decision that does not involve a liberty interest). In the absence of a constitutionally protected liberty interest, Mr. Gross' due process claims (claims one and seven) are legally frivolous and will be dismissed for that reason.

As for claims two and six, in which Mr. Gross alleges that his regression to a higher security level violates his Eighth Amendment right, a prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the " 'minimal civilized measure of life's necessities. ' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth

Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

Nothing Mr. Gross asserts in his amended complaint rises to the level of an Eighth Amendment violation. He alleges that his regression to a higher security level "poses an unreasonable risk of serious damage to his future health." Amended Complaint at 12. He also alleges that he is at an "increased risk for assaults" because he will be housed with more dangerous inmates. *Id.* at 4. However, Mr. Gross' speculation that he is at an increased risk of assault does not create an Eighth Amendment violation. He does not assert that he actually has been assaulted due to his higher security level, nor does he allege that he has been deprived of food, shelter, sanitation, personal safety, medical care, or adequate clothing. *See Clemmons*, 956 F.2d at 1527. As such, Mr. Gross' Eighth Amendment claims (two and six) are legally frivolous and will be dismissed for that reason.

Mr. Gross' fifth claim alleges that the release of his personal medical and mental health information violated his rights under HIPAA. Under the terms of HIPAA, "[a] covered entity may not use or disclose protected health information except as permitted or required by [specific provisions of HIPAA]." 45 C.F.R. § 164.502(a). However, all courts to consider the matter have held that HIPAA itself does not create a private right of action. *See Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) (holding "[w]hile no other circuit court has specifically addressed this issue . . . [e]very district court that has considered this issue is in agreement that [HIPAA] does not support a private right

6

of action."); *see also Univ. of Colo. Hosp. Auth. v. Denver Pub. Co.*, 340 F.Supp.2d 1142, 1145 (D. Colo. 2004) (collecting cases).  Therefore, because Mr. Gross does not have a private right of action under HIPAA, his fifth claim is legally frivolous and will be dismissed for that reason.

Finally, in his remaining claims Mr. Gross alleges that he was retaliated against by Defendant England, first for "speaking up" (claim three) and second for changing his religion to Buddhist (claim four).  However, "[m]ere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see Peterson*, 149 F.3d at 1144 (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions").  Mr. Gross fails to demonstrate how retaliatory motives were the "but for" cause for his removal from Community Corrections. *Peterson*, 149 F.3d at 1144.  Instead, Mr. Gross alleges that he was removed from Community Corrections because he failed to re-take the SOA.  Mr. Gross has not alleged any specific facts showing retaliation because of the exercise of his constitutional rights. *Frazier*, 922 F.2d at 562.  Therefore, Mr. Gross' third and fourth claims will also be dismissed as legally frivolous.  Accordingly, it is

ORDERED that the Amended Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __30th__ day of ___September_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK
United States District Judge

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02026-BNB

Brian M Gross
Prisoner No.  146047
Buena Vista Correctional Complex
PO Box 2017
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 30, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk